UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KENT DERRICK CRAWLEY,

                Plaintiff,

      -vs-                        **No. 1:16-CV-00271 (MAT)**
                                      **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

---

## I. Introduction

Represented by counsel, plaintiff Kent Derrick Crawley ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

## II. Procedural History

Plaintiff protectively filed an application for DIB on July 26, 2012, alleging disability as of April 21, 2012 due to

epilepsy, seizures, and osteoarthritis in the right hip. Administrative Transcript ("T.") 90-91. Plaintiff's application was initially denied. T. 101. At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") David S. Lewandowski on December 23, 2013. T. 58-89. On May 22, 2014, the ALJ issued an unfavorable decision. T. 33-57. On February 2, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision. T. 1-7. This action followed.

**III. The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520, 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2017. T. 38. At step one of the five-step sequential evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 21, 2012, the alleged onset date. *Id*.

At step two, the ALJ found that Plaintiff suffered from the severe impairments of seizure disorder, right shoulder arthropathy/tendinopathy, and degenerative joint disease of the right hip. *Id*. The ALJ further found that Plaintiff's medically determinable impairments of adjustment disorder, depressive disorder, and anxiety disorder were non-severe. T. 39.

2

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. T. 42. The ALJ particularly considered Listings 1.02A, 1.02B, 11.02, and 11.03 in reaching this determination. T. 42-43.

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), with the following additional limitations: can occasionally lift and carry ten pounds; can sit four hours, stand three hours, and walk one hour in an eight hour workday; can occasionally reach and perform overhead activity; can frequently climb stairs, kneel, and crouch; can occasionally stoop and crawl; cannot climb ladders, ropes, or scaffold; must avoid hazards, heights, dangerous machinery, sharp objects, heavy equipment, or machinery and driving; can have occasional exposure to pulmonary irritants, extreme temperatures, and vibration. T. 43.

At step four, the ALJ found that Plaintiff was capable of performing his past relevant work as a loan clerk. T. 50. In the alternative, at step five, the ALJ relied on the testimony of a vocational expert to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. T. 50-52. Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. T. 52.

## IV. Discussion

### A. Scope of Review

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

Here, Plaintiff contends that remand of this matter for further administrative proceedings is required because (1) the ALJ improperly concluded that Plaintiff's mental impairments were non-severe, (2) the ALJ failed to include any mental limitations in his

4

RFC finding, and (3) the ALJ improperly found that Plaintiff's past relevant work had transferable skills. For the reasons discussed below, the Court finds that the ALJ's conclusion that Plaintiff's mental impairments were non-severe was not supported by substantial evidence and that remand of this matter is therefore appropriate.

**B.  Consideration of Plaintiff's Mental Impairments**

As noted above, the ALJ in this matter concluded that Plaintiff had the medically determinable impairments of adjustment disorder, depressive disorder, and anxiety disorder, but that these impairments were non-severe. T. 39-42. Plaintiff argues, and the Court agrees, that this determination was not supported by substantial evidence.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a severe impairment that significantly limits her physical or mental ability to do basic work activities. See 20 C.F.R. § 416.920(c). "The phrase 'significantly limits' is not synonymous with 'disability.' Rather, it serves to 'screen out *de minimis* claims.'" *Showers v. Colvin*, No. 3:13-CV-1147(GLS), 2015 WL 1383819, at *4 (N.D.N.Y. Mar. 25, 2015) (quoting *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995)). Thus, "[a] finding of 'not severe' should be made if the medical evidence establishes only a 'slight abnormality' . .. [with] . . . 'no more than a minimal effect on an individual's ability to work.'" *Rosario v. Apfel*, No. 97 CV 5759, 1999 WL

294727, at *5 (E.D.N.Y. Mar. 19, 1999) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 154 n.12 (1987)).

In this case, the ALJ relied on the opinions of state agency medical consultants Drs. Maurice Prout and Juan Echevarria to conclude that Plaintiff's mental impairments were non-severe. However, and as Plaintiff correctly argues, Dr. Prout and Dr. Echevarria's opinions were stale and based on an incomplete medical record. In particular, these reports were completed prior to a suicide attempt and subsequent psychiatric hospitalization in August 2013.

On August 16, 2013, Plaintiff was brought to the emergency department at Eastern Niagara Hospital. T. 511. Plaintiff reported that he had been depressed and despondent due to his inability to work due to his seizures. *Id.* Plaintiff had overdosed on phenobarbital and keppra. T. 552. A witness saw Plaintiff jump into the Erie Canal, and he was subsequently rescued by emergency medical services. *Id.* Plaintiff was stabilized and transferred to the Erie County Medical Center ("ECMC") (T. 552), where he was treated from August 16th to August 26th.

While at ECMC, Plaintiff was assessed with major depresssive disorder, recurrent, severe without psychosis. T. 585. Plaintiff expressed regret over his suicide attempt, describing it as "stupid." T. 586. Plaintiff demonstrated poor insight and judgment as well as mood and affect abnormalities. T. 551-610.

On August 26, 2013, Plaintiff was transferred to Niagara Falls Memorial Medical Center ("NFMMC") for inpatient psychiatric treatment. T. 612. Plaintiff was assessed with adjustment disorder with mixed emotion and depressive disorder, not otherwise specified. T. 613. Plaintiff told his care providers at NFMMC that he did no mean to jump into the canal but instead accidentally fell in. T. 614. He admitted, however, that he had wanted to die and that he had deliberately taken a drug overdose. *Id*. Plaintiff was prescribed Valium, but did not want to take an antidepressant. *Id*. He was discharged on August 30, 2013. T. 615.

In his consideration of Plaintiff's mental impairments, the ALJ noted Plaintiff's suicide attempt and subsequent hospitalization (*see* T. 41), but did not acknowledge or discuss the fact that all the medical opinions of record regarding Plaintiff's mental impairments predated these events. This was error. It is well-established that "medical source opinions that are . . . stale[] and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343-44 (W.D.N.Y. 2015), *aff'd*, 652 Fed.Appx. 25 (2d Cir. 2016) (quotation marks and citation omitted); *see also Girolamo v. Colvin*, 2014 WL 2207993, at *7-8 (W.D.N.Y. May 28, 2014) (ALJ should not have afforded great weight to medical opinions rendered before plaintiff's second surgery); *Jones v. Comm'r of Soc. Sec.*, 2012 WL 3637450, at *2 (E.D.N.Y. Aug. 22, 2012) (ALJ should not have relied on a medical opinion in part because it was 1.5 years stale as of the plaintiff's hearing date

7

and did not account for her deteriorating condition). Here, the state agency reviewing physicians rendered their opinion prior to Plaintiff's suicide attempt and inpatient psychiatric treatment and therefore could not have factored this evidence of a deterioration in Plaintiff's mental health into their conclusions. These opinions therefore cannot constitute substantial evidence in support of the ALJ's conclusions and it was error for him to rely on them.

The absence of any evaluation of Plaintiff's mental health following his August 2013 suicide attempt created an evidentiary gap in the record that the ALJ was required to fill. "Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record. This duty exists even when the claimant is represented by counsel." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) (internal citation omitted). "This duty arises from the Commissioner's regulatory obligations to develop a complete medical record before making a disability determination," *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996), and requires the ALJ to take affirmative steps "where there are deficiencies in the record," *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). In furtherance of his duty to develop the record, "the ALJ may be required to order a consultative examination when necessary to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow [the ALJ] to make a determination or decision on [the] claim." *Tanner v. Colvin*, No. 13-CV-746-JTC, 2015 WL

8

6442575, at *5 (W.D.N.Y. Oct. 23, 2015) (internal quotation omitted). "It is considered reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." *Falcon v. Apfel*, 88 F. Supp. 2d 87, 91 (W.D.N.Y. 2000) (internal quotation omitted).

In this case, the ALJ should have obtained an updated consultative examination that took into account the deterioration in Plaintiff's mental health, as evidenced by his suicide attempt and subsequent hospitalization. Importantly, the ALJ was not permitted to simply rely on his own lay interpretation of Plaintiff's psychiatric records. *See Snyder v. Colvin*, No. 5:13-CV-585 GLS/ESH, 2014 WL 3107962, at *4 (N.D.N.Y. July 8, 2014) (at step two, the ALJ cannot arbitrary substitute his own judgment for competent medical opinion and cannot "interpret[] raw medical data and interject[] h[is] own lay medical judgment").

For the foregoing reasons, the Court concludes that the ALJ's determination that Plaintiff's mental impairments were non-severe was unsupported by substantial evidence. In particular, the Court finds that it was inappropriate for the ALJ to rely upon the stale opinions of the state agency reviewing doctors and that the ALJ was required to fill the evidentiary gap regarding Plaintiff's deteriorating mental health condition. This error was not harmless because, as Plaintiff notes, the ALJ failed to include any limitations related to Plaintiff's mental impairments in his RFC finding. Accordingly, remand of this matter for further administrative proceedings is required. On remand, the ALJ is

9

instructed to obtain an updated consultative examination regarding Plaintiff's mental health and any associated limitations.

### C. Plaintiff's Other Arguments

Plaintiff has also argued that the ALJ erred in failing to include any mental limitations in his RFC finding and that his conclusion at step five was unsupported by the record. Having determined that remand for additional development of the record is necessary, the Court need not and does not reach these arguments.

## V. Conclusion

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 12) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. In light of the fact that Plaintiff's application was initially filed in July 2012 (almost six years ago), on remand, the administrative proceedings shall be conducted on an expedited basis, to be completed no later than December 31, 2018. The Commissioner's motion for judgment on the pleadings (Docket No. 15) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

---
HON. MICHAEL A. TELESCA
United States District Judge

Dated: May 24, 2018
Rochester, New York.